UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH PAGE,<br><br>               Plaintiff,<br><br>     v.<br><br>WARREN STANLEY, et al.,<br><br>               Defendants. | NO. CV 11-02255 CAS (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING**<br><br>**COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On June 15, 2011, plaintiff Keith Page ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against various defendants.[1] For the reasons stated below, the Complaint is dismissed with leave to amend.[2]

---

[1] On June 13, 2011, the Chief District Judge issued an Order consolidating Case No. 11-4005 with Case No. 11-2255 because Plaintiff's claims in the two actions were identical and granted Plaintiff's request for in forma pauperis status. On June 28, 2011, the Court ordered that Case No. 11-4005 be administratively closed.

[2] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

1    Congress mandates that district courts initially screen civil
2 complaints filed by a prisoner seeking redress from a governmental
3 entity or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such
4 a complaint, or any portions thereof, before service of process if the
5 Court concludes that the complaint (1) is frivolous or malicious, (2)
6 fails to state a claim upon which relief can be granted, or (3) seeks
7 monetary relief from a defendant who is immune from such relief.  28
8 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-
9 27 & n.7 (9th Cir. 2000) (en banc).

**II.**

**ALLEGATIONS OF THE COMPLAINT**

   Plaintiff alleges that the following defendants violated his civil rights:  (1) Robbert [sic] Corral ("Officer Corral"); (2) Jose Salazar ("Mr. Salazar"); (3) M. Steffanoff ("Sergeant Steffanoff"); (4) W. G. Siegl ("Captain Siegl"); (5) Calvin Aubrey ("Assistant Chief Aubrey"); and (6) Warran [sic] A. Stanley ("Chief Stanley") (collectively, "Defendants").  (See Complaint at 3-4).  Plaintiff sues all Defendants in their individual capacities.  (See id.).  Plaintiff also sues Captain Siegl, Assistant Chief Aubrey and Chief Stanley in their official capacities.  (See id. at 4).

   Plaintiff's allegations are difficult to decipher.  It appears, however, that Plaintiff is attempting to allege five interrelated claims arising from his arrest for driving under the influence by Officer Corral on March 20, 2007 and his subsequent re-arrest and incarceration. (Complaint at 5, 9).  First, Plaintiff alleges that his "fourth

amendment right was violated due to unlawful seizure, because [he] was arrested without probable cause." (Id.). Second, Plaintiff alleges that he was "deprived of [his] choice of the implied consent chemical test" in violation of his right to due process. (Id.). Third, Plaintiff alleges that he was "unlawfully imprisoned for 14 months due to fabricated charges, subjecting [him] to cruel and unusual punishment." (Id.). Fourth, Plaintiff vaguely alleges that his "right to equal protection" was violated. (Id.). Fifth, in an equally vague claim, Plaintiff alleges that he was "deprived of [his] right to liberty interest [sic], or a liberty interest." (Id.). Among other specific allegations of misconduct, Plaintiff appears to accuse various Defendants in a long and largely incomprehensible factual narrative of making false allegations (id. at 6, 9, 12), prohibiting Plaintiff from collecting evidence for his defense (id. at 8, 14), failing to investigate Officer Corral's conduct (id. at 10, 15), and failing to train and supervise their employees. (Id. at 8, 16).

Plaintiff seeks compensatory damages of $18,737,666.66, punitive damages in "whatever amount court deems appropriate," and attorney's fees pursuant to 42 U.S.C. § 1988. (Id. at 20).

## III.
## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot

be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A. The Complaint Fails To Satisfy Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." Lengthy complaints violate Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Plaintiff's Complaint does not comply with the standards of Rule 8. The unnecessarily long Complaint, which mixes potentially relevant and irrelevant facts with legal argument, is confusing and nonsensical. (See Complaint at 5-20). Plaintiff's vague claims fail to clearly identify the incident giving rise to each individual claim and the specific Defendants Plaintiff believes are liable for each of those claims. The Complaint therefore fails to provide Defendants with fair notice of the claims in a short, clear and concise statement. See Twombly, 550 U.S. at 555. Accordingly, the Complaint is dismissed with leave to amend for violations of Rule 8.

**B.     Defendants Siegl, Aubrey, And Stanley Are Immune From Suit In Their Official Capacities**

Plaintiff is suing three employees of the California Highway Patrol -- Defendants Captain Siegl, Assistant Chief Aubrey, and Chief Stanley -- in both their individual and official capacities. (Complaint at 4). These three Defendants are immune from suit in their official capacities, however. See Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) (eleventh amendment bars civil rights suit for damages against state officials in their official capacities).  As such, the Complaint is defective and must be dismissed.  If Plaintiff intends to proceed with this action, he may only sue these individual defendants under section 1983 in their <u>individual</u> capacities.

**C.     The Complaint Fails To Show Personal Participation By Defendants Steffanoff, Siegl, Aubrey, And Stanley**

To demonstrate a civil rights violation against government officials, a plaintiff must show either direct, personal participation or some sufficient causal connection between the officials' conduct and the alleged constitutional violation. See Starr v. Baca, ___ F.3d ___, 2011 WL 2988827, at *4 (9th Cir. July 25, 2011).  To be held liable, a supervising officer has to personally take some action against the plaintiff or "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury" on the plaintiff.  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted).

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of <u>respondeat superior</u>. See <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Rather, "[s]upervisory liability [may be] imposed against a supervisory official in his individual capacity [only] for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." <u>Preschooler II v. Clark County Bd. of Trustees</u>, 479 F.3d 1175, 1183 (9th Cir. 2007).

Plaintiff appears to allege that Defendants Sergeant Steffanoff, Captain Siegl, Assistant Chief Aubrey, and Chief Stanley violated his constitutional rights because they "failed to supervise" and properly train their subordinates, including Officer Corral. (Complaint at 3-4). According to Plaintiff, the "failure of administrator[s] to train and supervise Ofcr. Corral . . . produced a deliberate indifference to [Plaintiff's] rights, where as here, the need for more or different training is so obvious . . . ." (<u>Id.</u> at 8). However, the Complaint does not allege facts that establish either personal involvement by these defendants or any direct causal connection between their actions and the constitutional violations that Plaintiff is attempting to assert. Plaintiff must allege specific facts showing what each individual Defendant personally did or did not do, when and where, and how his action or inaction <u>directly</u> caused a violation of Plaintiff's civil rights. Accordingly, the Complaint must be dismissed with leave to amend.

**D. The Complaint Fails To Allege Facts Supporting The Claim That Defendant Salazar Acted Under Color Of State Law**

To state a claim under section 1983, a plaintiff must allege that the deprivation of a right secured by the federal constitution or statutory law was committed by a person acting under color of state law. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). Under the joint action test, a court will consider whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity" and "knowingly accepts the benefits derived from unconstitutional behavior." Id. at 1093.

Plaintiff alleges that Mr. Salazar, a private tractor trailer driver, fraudulently claimed that Plaintiff caused an accident that resulted in personal injury and property damage. (Complaint at 6). Plaintiff summarily asserts that Mr. Salazar "acted under color of state law when he willfully participated in joint action with Officer Corral through an agreement and meeting of the minds to deprive [Plaintiff] of his constitutional rights, by alleging that [Plaintiff] was intoxicated and that his . . . vehicle . . . pulled into traffic . . . [and caused] Salazar to broadside" Plaintiff's vehicle. (Id. at 7). These conclusory allegations are woefully insufficient to state a claim that Mr. Salazar was acting under color of state law. Indeed, Plaintiff fails to describe any "joint action" at all. Instead, the Complaint

simply alleges that "to obtain money under false pretense[s]," Mr. Salazar filed civil claims against Plaintiff for damages to his tractor trailer and for medical expenses. (Id.). Plaintiff does not and evidently cannot identify any benefit that would accrue to the state from Mr. Salazar's private civil actions. Though it appears unlikely that Plaintiff can rectify the defects in his claims as asserted against Mr. Salazar, the Court nevertheless grants him leave to amend. Lopez, 203 F.3d at 1127-29. Plaintiff is strongly advised to omit claims against any defendant in any future complaint for which Plaintiff cannot allege a factual basis for liability.

### E. Plaintiff's Claims Of Unlawful Imprisonment And Deprivation Of A Liberty Interest Appear Barred By Heck v. Humphrey

Under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), a section 1983 complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) (confirming that the Heck doctrine applies regardless of the type of relief sought if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration"). Specifically, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

Plaintiff alleges that he was "acquitted of all charges in this case that accrued on March 20, 2007, case no. KA0788896." (Complaint, Exh. A at 20(a)). However, Plaintiff was convicted of driving under the influence and other criminal charges resulting from a March 23, 2007 incident strikingly similar to the facts alleged in the Complaint. See People v. Page, 2010 WL 2654640 at *1 (Cal. App. Ct. July 6, 2010) (California Court of Appeal decision referencing Los Angeles County Superior Court Case Nos. KA0788896 and TA090349 and affirming Plaintiff's conviction).[3] Even if Plaintiff was acquitted of the charges arising from the March 20, 2007 incident at issue in the Complaint, Plaintiff's incarceration is evidently the result of a conviction that was affirmed on direct appeal and that has not otherwise been invalidated. Therefore, Plaintiff's claims of "unlawful imprisonment" and deprivation of a "liberty interest" appear to be barred by Heck and must be dismissed.

## IV.

## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. The First Amended Complaint, if any, shall be complete in itself and shall

---

[3] The Court takes judicial notice of Plaintiff's state criminal proceedings. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

1 bear both the designation "First Amended Complaint" and the case number
2 assigned to this action.  It shall not refer in any manner to the
3 original Complaint.

5     In any amended complaint, Plaintiff should confine his allegations
6 to those operative facts supporting each of his claims.  Plaintiff is
7 advised that pursuant to Federal Rule of Civil Procedure 8(a), all that
8 is required is a "short and plain statement of the claim showing that
9 the pleader is entitled to relief."  **Plaintiff is strongly encouraged**
10 **to utilize the standard civil rights complaint form when filing any**
11 **amended complaint, <u>a copy of which is attached</u>**.  In any amended
12 complaint, the Plaintiff should make clear nature and grounds for each
13 claim and specifically identify the defendants he maintains are liable
14 for that claim.  In addition, Plaintiff should avoid a long narrative
15 and keep his allegations clear, concise and simple.  It is not necessary
16 for Plaintiff to cite case law or include legal argument.

18     **Plaintiff is explicitly cautioned that failure to timely file a**
19 **First Amended Complaint, or failure to correct the deficiencies**
20 **described above, will result in a recommendation that this action be**

**dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED: August _16, 2011

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE