1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10

11  KEITH PAGE,                          )  NO. CV 11-02255 CAS (SS)
                                         )
12                    Plaintiff,         )
                                         )  **MEMORANDUM AND ORDER DISMISSING**
13            v.                         )
                                         )  **FIRST AMENDED COMPLAINT WITH LEAVE**
14  WARREN STANLEY, et al.,              )
                                         )  **TO AMEND**
15                    Defendants.        )
    ─────────────────────────────────   )
16

17                              **I.**

18                          **INTRODUCTION**

19

20       On June 15, 2011, plaintiff Keith Page ("Plaintiff") filed a civil

21  rights complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") against

22  various defendants.[1]   On August 16, 2011, the Court dismissed the

23  Complaint with leave to amend due to various pleading deficiencies.  On

24  August 25, 2011, Plaintiff filed a First Amended Complaint (the "First

25  Amended Complaint").  Because the First Amended Complaint also suffers

26  ───────────────────

27       [1]  On June 13, 2011, the Chief District Judge issued an Order
    consolidating Case No. 11-4005 with Case No. 11-2255 because Plaintiff's
28  claims in the two actions were identical and granted Plaintiff's request
    for in forma pauperis status.  On June 28, 2011, the Court ordered that
    Case No. 11-4005 be administratively closed.

1 from pleading deficiencies, it must also be dismissed with leave to
2 amend.[2]

3

4       Congress mandates that district courts initially screen civil
5 complaints filed by a prisoner seeking redress from a governmental
6 entity or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such
7 a complaint, or any portions thereof, before service of process if the
8 Court concludes that the complaint (1) is frivolous or malicious, (2)
9 fails to state a claim upon which relief can be granted, or (3) seeks
10 monetary relief from a defendant who is immune from such relief.  28
11 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-
12 27 & n.7 (9th Cir. 2000) (en banc).

13

14                                  **II.**

15                    **ALLEGATIONS OF THE COMPLAINT**

16

17       Plaintiff alleges that the following five defendants violated his
18 civil rights: (1) California Highway Patrol ("C.H.P.") Officer Robbert
19 [sic] Corral ("Officer Corral"); (2) C.H.P. Sergeant M. Steffanoff
20 ("Sergeant Steffanoff"); (3) C.H.P. Captain W. G. Siegl ("Captain
21 Siegl"); (4) C.H.P. Assistant Chief Calvin Aubrey ("Assistant Chief
22 Aubrey"); and (5) C.H.P. Chief Warren A. Stanley ("Chief Stanley")
23 (collectively, "Defendants").  (See First Amended Complaint at 3-4.)
24 Plaintiff sues all Defendants in their individual capacities.  (See

25

26 _____

27       [2]  Magistrate Judges may dismiss a complaint with leave to amend
28 without approval of the district judge.  See McKeever v. Block, 932 F.2d
795, 798 (9th Cir. 1991).

                                    2

1  id.).  Plaintiff also sues Captain Siegl, Assistant Chief Aubrey and
2  Chief Stanley in their official capacities.  (See id.).

3

4      Plaintiff's allegations are difficult to decipher.  It appears,
5  however, that Plaintiff is attempting to allege five interrelated claims
6  arising from his arrest for driving under the influence by Officer
7  Corral on March 20, 2007 and his subsequent re-arrest and incarceration.
8  (Id. at 5, 10).  First, Plaintiff alleges that his "[F]ourth [A]mendment
9  right was violated due to unlawful seizure, because [he] was arrested
10 without reasonable or probable cause."  (Id.).  Second, Plaintiff
11 alleges that he was deprived of "procedural protection," and "of [his]
12 choice of the implied consent chemical test" in violation of the Fifth
13 and Fourteenth Amendments and his right to due process.  (Id.).  Third,
14 Plaintiff alleges that "[his] [E]ighth [A]mendment rights were violated
15 when [he] was unlawfully imprisoned for 14 months due to fabricated
16 charges, subjecting [him] to cruel and unusual punishment."  (Id.).
17 Fourth, Plaintiff vaguely claims that his "right to equal protection"
18 was violated "due to conspiracy."  (Id.).  Fifth, in an equally vague
19 claim, Plaintiff alleges that he was "deprived of [his] right to liberty
20 interest [sic], or a liberty interest."  (Id.).  Among other specific
21 allegations of misconduct, Plaintiff appears to accuse various
22 Defendants in a long and largely incomprehensible factual narrative of
23 making false allegations (id. at 6-8, 11), prohibiting Plaintiff from
24 collecting evidence for his defense (id. at 7-8, 14), failing to
25 investigate Officer Corral's conduct (id. at 9, 13), and failing to
26 train and supervise their employees.  (Id. at 9-10).
27 \\
28 \\

1    Plaintiff seeks compensatory damages in the amount of
2    $18,737,666.66, punitive damages in "whatever amount court deems
3    appropriate," court costs, and attorney's fees pursuant to 42 U.S.C.
4    § 1988. (Id. at 16).
5
6                            III.
7                        DISCUSSION
8
9        Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss
10   Plaintiff's First Amended Complaint due to defects in pleading. Pro
11   se litigants in civil rights cases, however, must be given leave to
12   amend their complaints unless it is absolutely clear that the
13   deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-
14   29. Accordingly, the Court grants Plaintiff leave to amend, as
15   indicated below.
16
17   A.   To The Extent Plaintiff Is Suing Individual Defendants Simply For
18        Their Role As Other Officers' Supervisors, Plaintiff Fails To
19        State A Claim
20
21       Plaintiff appears to allege that Defendants Sergeant Steffanoff,
22   Captain Siegl, Assistant Chief Aubrey, and Chief Stanley violated his
23   constitutional rights because they "failed to supervise" and properly
24   train their subordinates, including Officer Corral. (First Amended
25   Complaint at 3-4, 9-10). Specifically, Plaintiff alleges that Sergeant
26   Steffanoff "failed in his supervisory official position and his conduct
27   that shows a reckless and callous indifference to the rights of
28   [Plaintiff]." (Id. at 9). Plaintiff also claims Captain Siegl "failed

                              4

1  in his supervisory official position and his conduct shows a reckless
2  and callous indifference to the rights of the [Plaintiff], by failing
3  to 'exercise independent judgment.'" (Id.). Plaintiff further alleges
4  that both Assistant Chief Aubrey and Chief Stanley are "responsible and
5  liable . . . for [their] own culpable action and inaction in the
6  training, supervision, and control of [Officer] Corral and for [their]
7  acquiescence in the constitutional deprivation of which this complaint
8  is made." (Id. at 10).

9

10     Plaintiff's First Amended Complaint fails to include specific
11  allegations that these Defendants were directly involved in the
12  constitutional violations. Plaintiff must establish that Defendants had
13  personal involvement in the civil rights violation or that their action
14  or inaction caused the harm suffered. Starr v. Baca, ___ F.3d ___, 2011
15  WL 2988827 at *2 (9th Cir. July 25, 2011); see Jones v. Williams, 297
16  F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color
17  of state law to be liable under section 1983 there must be a showing of
18  personal participation in the alleged rights deprivation: there is no
19  respondeat superior liability under section 1983.").

20

21     Here, Plaintiff's First Amended Complaint does not allege facts
22  that establish either personal involvement by these defendants or any
23  direct causal connection between their actions and the constitutional
24  violations that Plaintiff is attempting to assert. Plaintiff must
25  allege specific facts showing what each individual Defendant personally
26  did or did not do, when and where, and how his action or inaction
27  directly caused a violation of Plaintiff's civil rights. Accordingly,
28  the First Amended Complaint must be dismissed with leave to amend.

**B.     Some Or All Of Plaintiff's Claims May Be Barred By The Heck Doctrine**

Plaintiff seems to allege civil rights violations stemming from a "false" arrest "without probable cause" on March 20, 2007 for "driving under the influence of alcohol or drugs," "attempted car jacking," and "driving when privilege suspended for prior 'DUI' conviction." (First Amended Complaint at 8-9, Exh. A at 34-36). Plaintiff alleges that he was "acquitted on June 3, 2008" of charges in the case that accrued on March 20, 2007. (Id. at 10, Exh. A at 34-36). However, Plaintiff was convicted of driving under the influence and other criminal charges resulting from a March 23, 2007 incident with strikingly similar facts to the facts alleged in the First Amended Complaint. See People v. Page, 2010 WL 2654640 at *1 (Cal. App. Ct. July 6, 2010) (California Court of Appeal decision referencing Los Angeles County Superior Court Case Nos. KA0788896 and TA090349 and affirming Plaintiff's conviction).[3] Plaintiff's incarceration is evidently the result of a conviction that was affirmed on direct appeal and that has not otherwise been invalidated. To the extent Plaintiff's civil rights claim essentially attacks officers for conduct that ultimately resulted in a conviction, such claims are barred by the doctrine announced in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

---

[3]     The Court takes judicial notice of Plaintiff's state criminal proceedings. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

In <u>Heck</u>, the Supreme Court held:

> [I]n order to recover damages for an allegedly
> unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would render a
> conviction or sentence invalid, a § 1983 Plaintiff must prove
> that the conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ
> of habeas corpus.  A claim for damages bearing that
> relationship to a conviction or sentence that has not been so
> invalided is not cognizable under § 1983.

<u>Heck</u>, 512 U.S. at 486-87 (emphasis in original) (footnote and internal citation omitted).

Under <u>Heck</u>, a § 1983 complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  <u>Id.</u> at 487; <u>see also</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) ("[A] claim for declaratory relief and money damages . . . that necessarily impl[ies] the invalidity of the punishment imposed, is not cognizable under Section 1983"); <u>Whitaker v. Garcetti</u>, 486 F.3d 572, 583-85 (9th Cir. 2007) (recognizing that <u>Heck</u> also applies to claims for declaratory relief).  Conversely, as the <u>Heck</u> Court observed, when "the plaintiff's action, even if successful, will <u>not</u> demonstrate the

7

1  invalidity of any outstanding criminal judgment against the plaintiff,

2  the action should be allowed to proceed in the absence of some other bar

3  to the suit." Heck, 512 U.S. at 487 (footnotes omitted).  Accordingly,

4  the Heck doctrine may bar some, if not all, of Plaintiff's claims.

5

6      In any future complaint, Plaintiff must only allege claims for

7  civil rights violations that, if the claims are successful, will not

8  invalidate a conviction.  If Plaintiff is merely attacking evidence that

9  ultimately led to a conviction, whether Plaintiff believes the

10  conviction was lawful or not, he will be barred from pursuing any civil

11  rights claim that would ultimately call into question the validity of

12  his convictions.

13

14  **C.**   **Plaintiff's First Amended Complaint Violates Rule 8**

15

16      Plaintiff's Complaint does not comply with the standards of Rule

17  8.  The unnecessarily long First Amended Complaint, which mixes

18  potentially relevant and irrelevant facts with legal argument, is

19  confusing and nonsensical. (See First Amended Complaint at 5-16).

20  Plaintiff's vague claims fail to clearly identify the incident giving

21  rise to each individual claim and the specific Defendants Plaintiff

22  believes are liable for each of those claims.  The First Amended

23  Complaint therefore fails to provide Defendants with fair notice of the

24  claims in a short, clear and concise statement.  Federal Rule of Civil

25  Procedure 8(a)(2) requires that a complaint contain "'a short and plain

26  statement of the claim showing that the pleader is entitled to relief,'

27  in order to 'give the defendant fair notice of what the . . . claim is

28  and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly,

8

1  550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also
2  Fed. R. Civ. P. 8(e)(1) (**instructing that "[e]ach averment of a pleading**
3  **shall be simple, concise, and direct**").

5     Although Plaintiff utilized the standard form for civil rights
6  complaints, the First Amended Complaint contains a largely
7  incomprehensible factual narrative that makes it largely impossible to
8  identify with precision the factual bases for each of his claims. (<u>See</u>
9  First Amended Complaint at 5-16). Even if the factual allegations
10 pertaining to Plaintiff's claims were more clearly identified, it would
11 be difficult, as a practical matter, for Defendants to frame a
12 responsive pleading given Plaintiff's failure to tie <u>specific</u>
13 <u>allegations</u> to <u>specific named defendants</u>.

15    In sum, the First Amended Complaint fails to provide a short,
16 clear, and concise statement of Plaintiff's claims, as required by Rule
17 8. Where the violation of Rule 8 is egregious, as in this case,
18 dismissal is appropriate. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177-80
19 (9th Cir. 1996) (affirming dismissal of third amended complaint that was
20 "argumentative, prolix, replete with redundancy, and largely irrelevant"
21 and violative of Rule 8); <u>see also</u> <u>Nevijel v. North Coast Life Ins. Co.</u>,
22 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of first
23 amended complaint that named additional defendants without leave of
24 court and was "equally as verbose, confusing and conclusory as the
25 initial complaint"); <u>Washington v. Baenziger</u>, 656 F. Supp. 1176, 1177
26 (N.D. Cal. 1987) (dismissing complaint for failure to comply with Rule
27 8) (citing <u>Nevijel</u>). Accordingly, the First Amended Complaint is
28 dismissed with leave to amend.

**D.    Defendants Siegl, Aubrey, And Stanley Are Immune From Suit In Their Official Capacities**

Plaintiff sues three employees of the California Highway Patrol -- Defendants Captain Siegl, Assistant Chief Aubrey, and Chief Stanley -- in both their individual and official capacities.  (First Amended Complaint at 3-4).  These defendants are immune from suit in their official capacities, however.  <u>Pena v. Gardner</u>, 976 F.2d 469, 472 (9th Cir. 1992)(Eleventh Amendment bars civil rights suit against state officials in their official capacities).  As such, the Complaint is defective and must be dismissed.  If Plaintiff intends to proceed with this action, he may only sue individual state actors under section 1983 in their <u>individual</u> capacities.

**IV.**

**CONCLUSION**

For the reasons stated above, the First Amended Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint.  In any amended complaint, the Plaintiff shall cure the defects described above. The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to the prior complaints.  Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to keep his allegations only to the facts that are relevant and material to his claims. Plaintiff is reminded that he only need provide a short and concise statement of his claims. Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended complaint, the Plaintiff should make clear the nature and grounds for each claim and specifically identify the defendants he maintains are liable for that claim. **In addition, Plaintiff should avoid a long narrative and keep his allegations clear, concise and simple.** The Court admonishes Plaintiff that failure to adhere to a short and concise statement of claims, as well as failure to use legible writing, may result in dismissal of Plaintiff's action. It is not necessary for Plaintiff to cite case law or include legal argument.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: September 28, 2011

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE


**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**