O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| KEITH PAGE | ) | Case No. CV 11-2255-CAS(SSx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. #115, filed October 22, 2013)** |
| WARREN STANLEY, ET AL. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.  INTRODUCTION AND BACKGROUND

Plaintiff, a former California prisoner proceeding pro se, filed this action on June 15, 2011. Dkt. #16. The operative third amended complaint ("TAC") asserts claims for false arrest, malicious prosecution, and conspiracy. Dkt. #44. The sole remaining defendant in this action is California Highway Patrol Officer Roberto Corral.

Plaintiff filed a motion for summary judgment on June 12, 2013. Dkt. #96. Magistrate Judge Segal issued a report and recommendation ("R&R") on September 20, 2013, recommending that this Court deny plaintiff's motion. The Court adopted the report and recommendation and denied plaintiff's motion for summary judgment by order dated October 9, 2013. Dkt. #112. Plaintiff filed a motion for reconsideration of

the Court's order on October 22, 2013.[1] Dkt. #115. Defendant filed an opposition on November 8, 2013, dkt. #117, and plaintiff replied on November 18, 2013, dkt. #118. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

---

[1] Plaintiff states that he is bringing this motion pursuant to Federal Rule of Civil Procedure 59(e). The Court construes the motion as a motion for reconsideration pursuant to Local Rule 7-18 because this Court's order denying plaintiff's motion for summary judgment is not a "judgment" under Federal Rule of Civil Procedure 59(e). E.g., Longstreth v. Copple, 189 F.R.D. 401, 402-03 (N.D. Iowa 1999) (finding that an order denying summary judgment is not a final order, and therefore is not subject to reconsideration under Rule 59(e)).

### III. DISCUSSION

Magistrate Judge Segal's R&R recommended that summary judgment be denied because genuine disputes of material fact existed as to each of plaintiff's claims. R&R at 14 ("Whether Defendant had probable cause to arrest Plaintiff for driving under the influence is a disputed issue of fact."); id. at 17 ("[D]isputed issues of fact remain regarding Plaintiff's malicious prosecution claim . . . ."); id. at 19 ("[W]hether Defendant conspired with [another individual] to deprive plaintiff of his liberty and property [is a] disputed issue[] of fact.").

In his motion for reconsideration and his reply in support thereof, plaintiff reiterates his account of the facts underlying his claims. By doing so, plaintiff has not demonstrated a material difference in fact or law or the emergence of new material facts since his motion for summary judgment was initially presented to Judge Segal or this Court. See L.R. 7-18. Additionally, plaintiff has not made a "manifest showing" of a failure by this Court or Judge to consider material facts in support of his motion for summary judgment. See id. Thus, plaintiff has not set forth sufficient grounds for reconsideration of this Court's order adopting the R&R and denying his motion for summary judgment. It is for "a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

### IV. CONCLUSION

Accordingly, plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

Dated: February 21, 2014

_____
CHRISTINA A. SNYDER
United States District Judge