UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02255-CAS(SSx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | KEITH PAGE V. WARREN STANLEY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Keith Page (Plaintiff)<br>Beth Weinstein<br>James Rapore | Mark Brown |

**Proceedings:**   MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF (Dkt. #127, filed April 28, 2014)

## I.   INTRODUCTION AND BACKGROUND

Plaintiff, a former California prisoner, filed this action on June 15, 2011. Dkt. #16. The operative third amended complaint ("TAC") asserts claims for false arrest, malicious prosecution, and conspiracy. Dkt. #44.

On March 7, 2013, defendants Michael Stefanoff and William Siegl filed motions for summary judgment. Dkt. #'s 70, 76. The Honorable Suzanne H. Segal issued a Report and Recommendation on May 23, 2013, recommending that the motions be granted. Dkt. #91. This Court adopted Judge Segal's Report and Recommendation by order dated June 5, 2013. Dkt. #95. As a result of that order, the sole remaining defendant in this action is California Highway Patrol Officer Roberto Corral.

Plaintiff filed a motion for summary judgment on June 12, 2013. Dkt. #96. On September 20, 2013, Judge Segal issued a Report and Recommendation, recommending that plaintiff's motion be denied. Dkt. #110. This Court adopted Judge Segal's Report and Recommendation by order dated October 9, 2013. Dkt. #112. On October 16, 2013, this Court vacated the reference of this action to Judge Segal, and ordered that all further proceedings take place before this Court. Dkt. #114. On January 24, 2014, Beth M. Weinstein and James A. Rapore filed notices of appearance as counsel for plaintiff. Dkt. #'s 120-21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02255-CAS(SSx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | KEITH PAGE V. WARREN STANLEY | | |

On April 28, 2014, counsel for plaintiff filed a motion to withdraw as counsel. Dkt. #127. On May 20, 2014, plaintiff's counsel submitted a supplemental brief and an in camera declaration in support of their motion. Dkt. #'s 136-37. On May 28, 2014, plaintiff filed an opposition.[1] Dkt. #139. No response or opposition has been filed by defendant. The Court held a hearing on June 2, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    DISCUSSION**

Local Rule 83-2.3.2 allows an attorney to withdraw as counsel only upon leave of court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]." L. R. 83-2.3.5. If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney." L.R. 83-2.3.3.

Plaintiff's counsel state that, since they began representing plaintiff in this action, they have spent over 250 hours investigating the facts of this case. Weinstein Decl. ¶ 4; see also Rapore Decl. They further state that, as a result of this investigation, they have "discovered facts and formed conclusions that have resulted in an irreconcilable conflict between Plaintiff and [plaintiff's counsel]." Weinstein Decl. ¶ 5. According to plaintiff's counsel, "this conflict has resulted in a breakdown of the attorney-client relationship, because it has become extremely difficult for [plaintiff's counsel] to engage in open and effective attorney-client communications with Plaintiff." Id. ¶ 6. Plaintiff's counsel state that this conflict has made it "unreasonably difficult" for them to represent plaintiff. Id.

The existence of a conflict of interest ordinarily constitutes a sufficient basis for withdrawing as counsel. Moore, 2008 WL 1901322, at *2; Aceves v. Superior Court, 51 Cal. App. 4th 584, 592 (1996); see also Cal. R. Prof. Conduct 3-700(C)(2) (providing that an attorney may seek to withdraw as counsel if "the continued employment is likely to result in a violation of the [Rules of Professional Conduct]"). A conflict of interest is

---

[1] The Court does not summarize the contents of plaintiff's submission herein because it contains material which may be covered by the attorney-client privilege. However, the Court has reviewed the submission, and concludes that it does not set forth a basis for denying the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02255-CAS(SSx) | Date | June 2, 2014 |
|---|---|---|---|
| Title | KEITH PAGE V. WARREN STANLEY | | |

present when "there has been an irreparable breakdown of the working relationship between counsel and client." Manfredi & Levine v. Superior Court, 66 Cal. App. 4th 1128, 1135 (1998). Additionally, an attorney may seek to withdraw as counsel if the client "renders it unreasonably difficult for the [attorney] to carry out the [representation] effectively." Cal. R. Prof. Conduct 3-700(C)(1)(d). Here, plaintiff's counsel assert that a breakdown in attorney-client communications has occurred, and that it has become "unreasonably difficult" for plaintiff's counsel to continue to represent plaintiff. As set forth above, withdrawal is appropriate for either of these reasons.[2] See, e.g., Aceves, 51 Cal. App. 4th at 592; Cal. R. Prof. Conduct 3-700(C)(1)(d). Accordingly, the Court finds that plaintiff's counsel should be permitted to withdraw.[3]

## III. CONCLUSION

In accordance with the foregoing, plaintiff's counsel's motion to withdraw as counsel is hereby GRANTED.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[2] Plaintiff states in his submission that he is willing to waive the attorney-client privilege with respect to the asserted conflict. This offer of waiver does not alter the fact that, according to plaintiff's counsel, a breakdown in attorney-client communications has occurred, and it has become unreasonably difficult to continue to represent plaintiff.

[3] While plaintiff's counsel do not provide significant detail regarding the factual basis for this conflict and breakdown, the Court recognizes that plaintiff's counsel is obligated to "not reveal [their client's] confidences." See Aceves, 51 Cal. App. 4th at 592. Moreover, the Court has no reason to doubt the sincerity of plaintiff's counsel's assertions regarding the conflict. Thus, the Court finds that the facts provided by plaintiff's counsel in their various submissions are sufficient for the Court to make an informed ruling on the present motion. See id. ("Where . . . the duty not to reveal confidences prevent[s] counsel from further disclosure and the court accept[s] the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal.").